IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 24-247 |
| v. | : | DATE FILED 10/8/25 |
| CHARLIE ROLON | : | VIOLATIONS: |
| HAKEEM WILLIAMS | | 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A) |
| | : | (conspiracy to distribute 50 grams or |
| | | more of methamphetamine – 1 count) |
| | : | 18 U.S.C. § 933(a)(1) (trafficking |
| | | in firearms – 1 count) |
| | : | 18 U.S.C. §§ 371, 922(a)(1)(A), |
| | | 924(a)(1)(D) (conspiracy to commit |
| | : | unlicensed firearm dealing – 1 count) |
| | | 18 U.S.C. §§ 922(a)(1)(A), 924(a)(1)(D) |
| | : | (unlicensed firearm dealing – 1 count) |
| | | 21 U.S.C. § 841(a)(1), (b)(1)(A) |
| | : | (distribution of 50 grams or more of |
| | | methamphetamine – 5 counts) |
| | : | 18 U.S.C. § 922(g)(1) (possession of |
| | | a firearm by a felon – 2 counts) |
| | : | 18 U.S.C. § 922(a)(5) (transfer of firearm |
| | | to an individual residing in another state – |
| | : | 2 counts) |
| | | 18 U.S.C. § 922(o) (transfer of a machine |
| | : | gun – 1 count) |
| | | 21 U.S.C. § 841(a)(1), (b)(1)(C) (possession |
| | : | with intent to distribute 50 grams or more |
| | | of methamphetamine – 1 count) |
| | : | 18U.S.C. 924(c) (possession of a firearm in |
| | | furtherance of drug trafficking) |
| | : | 18 U.S.C. § 2 (aiding and abetting) |

SUPERSEDING INDICTMENT

COUNT ONE

THE GRAND JURY CHARGES THAT:

1.      From at least on or about January 27, 2024, through on or about June 12, 2024, in the Eastern District of Pennsylvania and elsewhere, defendants

CHARLIE ROLON and

**HAKIM WILLIAMS**

conspired and agreed, with each other, with Jeremy Rodriguez (charged elsewhere), and with others known and unknown to the grand jury, to knowingly and intentionally distribute 50 grams or more of methamphetamine (actual), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A).

**MANNER AND MEANS**

It was part of the conspiracy that:

2. Defendants would communicate via voice calls to coordinate the pickup, delivery, and further distribution of controlled substances.

3. Defendants would use multiple vehicles to acquire and distribute controlled substances.

4. Defendants would meet in multiple public locations to distribute controlled substances.

5. Defendants would provide advanced samples of narcotics to customers or potential customers.

**OVERT ACTS**

In furtherance of the conspiracy, and to accomplish its objectives, defendants CHARLIE ROLON, HAKEEM WILLIAMS, Jeremy Rodriguez, and others known and unknown to the grand jury, committed the following overt acts, among others, in the Eastern District of Pennsylvania and elsewhere, on or about the following dates:

1. On or about April 4, 2024, defendant CHARLIE ROLON and Jeremy Rodriguez made multiple voice calls to each other.

2.    On or about April 4, 2024, defendant HAKEEM WILLIAMS delivered a multi-colored bag to CHARLIE ROLON.

3.    On or about April 4, 2024, defendant CHARLIE ROLON sold methamphetamine to a confidential human source.

4.    On or about April 18, 2024, defendants CHARLIE ROLON and Jeremy Rodriguez made multiple voice calls to each other.

5.    On or about April 18, 2024, defendant HAKEEM WILLIAMS entered a silver Range Rover.

6.    On or about April 18, 2024, defendant HAKEEM WILLIAMS entered a red Honda Civic.

7.    On or about April 18, 2024, defendant CHARLIE ROLON provided a sample of what he purported to be a controlled substance to a confidential human source.

8.    On or about April 18, 2024, defendant CHARLIE ROLON sold methamphetamine to a confidential human source.

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO

**THE GRAND JURY FURTHER CHARGES THAT:**

From at least on or about January 27, 2024, through on or about June 11, 2024, in the Eastern District of Pennsylvania and elsewhere, defendant

**CHARLIE ROLON**

and Ryan Hawn (charged elsewhere) shipped, transported, transferred, caused to be transported, and otherwise disposed of, and aided and abetted the shipping, transporting, transferring, causing to be transported, and otherwise disposing of, one or more firearms to another person, in and affecting interstate and foreign commerce, knowing and having reasonable cause to believe that the use, carrying, and possession of a firearm by the recipient would constitute a felony (as defined in Title 18, United States Code, Section 932(a)).

In violation of Title 18, United States Code, Sections 933(a)(1) and 2.

4

## COUNT THREE

**THE GRAND JURY FURTHER CHARGES THAT:**

At all times material to this superseding indictment:

1.      Defendant CHARLIE ROLON was a resident of the Commonwealth of Pennsylvania, Ryan Hawn (charged elsewhere) was a resident of the state of New Jersey, and neither were federal firearms licensees ("FFLs") licensed to deal, import, or manufacture firearms under the provisions of Chapter 44, Title 18, United States Code.

2.      FFL holders are licensed, among other things, to sell firearms. Various rules and regulations, promulgated under the authority of Chapter 44, Title 18, United States Code, govern the manner in which FFL holders are permitted to sell firearms.

3.      From at least on or about January 27, 2024, through on or about June 11, 2024, in the Eastern District of Pennsylvania and the District of New Jersey, defendant

**CHARLIE ROLON**

and Ryan Hawn conspired and agreed, with each other and with others unknown to the grand jury, to commit an offense against the United States, that is, to willfully engage in the business of dealing in firearms without being licensed to do so under the provisions of chapter 44, Title 18, United State Code, in violation of Title 18, United States Code, Sections 922(a)(1)(A) and 924(a)(1)(D).

## MANNER AND MEANS

4.      Defendant CHARLIE ROLON and Ryan Hawn communicated with each other via voice call and text message to arrange for the sale of unlicensed firearms.

5.      Defendant CHARLIE ROLON provided the funding for a 3D printer for Ryan Hawn.

6.      Ryan Hawn ordered firearm kits and firearm parts from commercial dealers.

7.      Ryan Hawn used a 3D printing machine to make firearms.

## OVERT ACTS

In furtherance of the conspiracy, and to accomplish its objects, defendant CHARLIE ROLON and Ryan Hawn, and others unknown to the grand jury committed the following overt acts, among others, in the Eastern District of Pennsylvania and the District of New Jersey:

1.      On or about February 22, 2024, defendant CHARLIE ROLON, despite not being an FFL, sold a firearm.

2.      On or about March 15, 2024, defendant CHARLIE ROLON, despite not being an FFL, sold a firearm.

3.      On or about May 1, 2024, defendant CHARLIE ROLON and Ryan Hawn, despite not being FFLs, sold a firearm.

4.      On or about May 16, 2024, defendant CHARLIE ROLON, despite not being an FFL, sold a firearm.

5.      On or about May 30, 2024, defendant CHARLIE ROLON and Ryan Hawn, despite not being FFLs, sold a firearm.

6.    On or about June 11, 2024, Ryan Hawn, despite not being an FFL, sold two firearms.

All in violation of Title 18, United States Code, Section 371.

## COUNT FOUR

**THE GRAND JURY FURTHER CHARGES THAT:**

From at least on or about January 27, 2024, through on or about June 11, 2024, in the Eastern District of Pennsylvania and the District of New Jersey, defendant

### CHARLIE ROLON

and Ryan Hawn (charged elsewhere), willfully engaged in, and aided and abetted in the willful engagement of, the business of dealing in firearms without being licensed to do so under the provisions of chapter 44, Title 18, United State Code.

In violation of Title 18, United States Code, Sections 922(a)(1)(A), 924(a)(1)(D), and 2.

## COUNT FIVE

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about January 31, 2024, in Philadelphia, in the Eastern District of Pennsylvania, defendant

**CHARLIE ROLON**

knowingly and intentionally distributed 50 grams or more, that is, approximately 428.4 grams, of methamphetamine (actual), a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A).

9

## COUNT SIX

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about February 22, 2024, in Philadelphia, in the Eastern District of Pennsylvania, defendant

## CHARLIE ROLON

knowingly and intentionally distributed 50 grams or more, that is, approximately 312.6 grams, of methamphetamine (actual), a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A).

## COUNT SEVEN

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about March 15, 2024, in Philadelphia, in the Eastern District of Pennsylvania, defendant

## CHARLIE ROLON,

knowing he had previously been convicted in a court of the Commonwealth of Pennsylvania of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, that is, a Phase 5 Tactical, semi-automatic .223 caliber, rifle, bearing serial number US00763, loaded with 21 rounds of ammunition, and the firearm was in and affecting interstate and foreign commerce.

In violation of Title 18, United States Code, Section 922(g)(1).

## COUNT EIGHT

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about April 4, 2024, in Philadelphia, in the Eastern District of Pennsylvania, defendants

**CHARLIE ROLON and
HAKIM WILLIAMS,**

and Jeremy Rodriguez (charged elsewhere), knowingly and intentionally distributed, and aided and abetted the distribution of, 50 grams or more, that is, approximately 441.2 grams, of methamphetamine (actual), a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A), and Title 18, United States Code, Section 2.

12

## COUNT NINE

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about April 18, 2024, in Philadelphia, in the Eastern District of Pennsylvania, defendants

### CHARLIE ROLON and
### HAKIM WILLIAMS,

and Jeremy Rodriguez (charged elsewhere), knowingly and intentionally distributed, and aided and abetted the distribution of, 50 grams or more, that is, approximately 445.8 grams, of methamphetamine (actual), a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A), and Title 18, United States Code, Section 2.

## COUNT TEN

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about May 1, 2024, in in the District of New Jersey, defendant

**CHARLIE ROLON**

and Ryan Hawn (charged elsewhere), neither being a licensed importer, manufacturer, dealer, and collector of firearms, within the meaning of Chapter 44, Title 18, United States Code, willfully sold and delivered, and aided and abetted the willful sale and delivery of, a firearm to Person A, a person known to the grand jury, who was not a licensed importer, manufacturer, dealer, and collector of firearms, within the meaning of Chapter 44, Title 18, United States Code, and whom the defendants knew and had reasonable cause to believe did not then reside in the State of New Jersey.

In violation of Title 18, United States Code, Sections 922(a)(5) and 2.

14

## COUNT ELEVEN

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about May 16, 2024, in Philadelphia, in the Eastern District of Pennsylvania, defendant

## CHARLIE ROLON

knowingly transferred a machine gun, as defined by Title 18, United States Code, Section 921(a)(23), and Title 26, United States Code, Section 5845(b), that is, one of the following: a machine gun conversion device intended for use in converting semi-automatic firearms to fire automatically.

In violation of Title 18, United States Code, Section 922(o).

15

## COUNT TWELVE

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about May 30, 2024, in in the District of New Jersey, defendant

## CHARLIE ROLON

and Ryan Hawn (charged elsewhere), neither being a licensed importer, manufacturer, dealer, and collector of firearms, within the meaning of Chapter 44, Title 18, United States Code, willfully sold and delivered, and aided and abetted the willful sale and delivery of, a firearm to Person A, a person known to the grand jury, who was not a licensed importer, manufacturer, dealer, and collector of firearms, within the meaning of Chapter 44, Title 18, United States Code, an whom the defendants knew and had reasonable cause to believe did not then reside in the State of New Jersey.

In violation of Title 18, United States Code, Section 922(a)(5) and 2.

16

## COUNT THIRTEEN

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about June 12, 2024, in Philadelphia, in the Eastern District of Pennsylvania, defendant

## CHARLIE ROLON

knowingly and intentionally distributed, and aided and abetted the distribution of, 50 grams or more, that is, approximately 214.1 grams, of methamphetamine (actual), a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A).

## COUNT FOURTEEN

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about June 25, 2024, in Philadelphia, in the Eastern District of Pennsylvania, defendant

### CHARLIE ROLON

knowingly and intentionally distributed, and aided and abetted the distribution of, 50 grams or more, that is, approximately 436.7 grams, of methamphetamine (actual), a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A).

## COUNT FIFTEEN

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about July 9, 2024, in Allentown, in the Eastern District of Pennsylvania, defendant

## CHARLIE ROLON

knowingly and intentionally possessed with intent to distribute, 50 grams or more, that is, approximately 3,065.4 grams, of methamphetamine (actual), a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A).

## COUNT SIXTEEN

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about July 9, 2024, in Allentown, in the Eastern District of Pennsylvania, defendant

## CHARLIE ROLON,

knowing he had previously been convicted in a court of the Commonwealth of Pennsylvania of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed firearms, that is, a Troy M5 Carbine, a rifle, bearing serial number M5C20195 and a Radical Firearms RF15, a rifle, bearing serial number RD15267, and the firearms were in and affecting interstate and foreign commerce.

In violation of Title 18, United States Code, Section 922(g)(1).

## COUNT SEVENTEEN

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about July 9, 2024, in Allentown, in the Eastern District of Pennsylvania, defendant

## CHARLIE ROLON

knowingly possessed a Troy M5 Carbine, a rifle, bearing serial number M5C20195 and a Radical Firearms RF15, a rifle, bearing serial number RD15267, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, possession with intent to distribute 50 grams or more of methamphetamine (actual), as charged in Count Fifteen.

In violation of Title 18, United States Code, Section 924(c)(l)(A)(i).

## NOTICE OF FORFEITURE NO. 1

**THE GRAND JURY FURTHER CHARGES THAT:**

As a result of the violations of Title 18, United States Code, Sections 922(a)(1)(A), 924(a)(1)(D), 922(a)(5), and 933 as set forth in this superseding indictment, defendant

### CHARLIE ROLON

shall forfeit to the United States of America all firearms and ammunition involved in the commission of such offenses, including, but not limited to:

a.    a privately manufactured, AR Style, .223 Rifle with no serial number and seven rounds of ammunition;

b.    a Phase 5 Tactical, semi-automatic .223 caliber, rifle, bearing serial number US00763 and 21 rounds of ammunition;

c.    a privately manufactured Mac-11 style, 9mm handgun with no serial number;

d.    a privately manufactured, AR Style, .223 Rifle with no serial number and 21 rounds of ammunition;

e.    a privately manufactured, unknown model, 9mm handgun with no serial number;

f.    a privately manufactured, unknown model, 9mm handgun with no serial number; and

   g.  a privately manufactured, unknown model, 9mm handgun with no serial number.

   All pursuant to Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 924(d).

23

## NOTICE OF FORFEITURE NO. 2

**THE GRAND JURY FURTHER CHARGES THAT:**

1.      As a result of the violations of Title 21, United States Code, Sections 846 and 841(a)(1) set forth in this superseding indictment, defendants

**CHARLIE ROLON and
HAKEEM WILLIAMS**

shall forfeit to the United States of America any property constituting, or derived from, proceeds obtained directly or indirectly from the commission of such offenses.

2.      If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

>   a.  cannot be located upon the exercise of due diligence;
>
>   b.  has been transferred or sold to, or deposited with, a third party;
>
>   c.  has been placed beyond the jurisdiction of the Court;
>
>   d.  has been substantially diminished in value; or
>
>   e.  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property subject to forfeiture.

24

All pursuant to Title 21, United States Code, Section 853.

A TRUE BILL:

~~GRAND JURY FOREPERSON~~

/FoR

**DAVID METCALF**
**UNITED STATES ATTORNEY**

No.__2-4-_CR-_2-4-7

### UNITED STATES DISTRICT COURT

Eastern District of Pennsylvania

Criminal Division

---

## THE UNITED STATES OF AMERICA

vs.

CHARLIE ROLON
HAKEEM WILLIAMS

---

### SUPERSEDING INDICTMENT

21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A) (conspiracy to distribute 50 grams or more of methamphetamine – 1 count)
18 U.S.C. § 933(a)(1) (trafficking in firearms – 1 count)
18 U.S.C. §§ 371, 922(a)(1)(A), 924(a)(1)(D) (conspiracy to commit unlicensed firearm dealing – 1 count)
18 U.S.C. §§ 922(a)(1)(A), 924(a)(1)(D) (unlicensed firearm dealing – 1 count)
21 U.S.C. § 841(a)(1), (b)(1)(A) (distribution of 50 grams or more of methamphetamine – 5 counts)
18 U.S.C. § 922(g)(1) (possession of a firearm by a felon – 2 counts)
18 U.S.C. § 922(a)(5) (transfer of firearm to an individual residing in another state – 2 counts)
18 U.S.C. § 922(o) (transfer of a machine gun – 1 count)
21 U.S.C. § 841(a)(1), (b)(1)(C) (possession with intent to distribute 50 grams or more of methamphetamine – 1 count)
18 U.S.C. § 924(c) (possession of a firearm in furtherance of drug trafficking)
18 U.S.C. § 2 (aiding and abetting)



F